```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/23/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES KENYATTA,

                              Plaintiff,

            -against-

DAYRIS JIMENEZ ALSO KNOWN AS
FINECHINA.FC,

                              Defendant.

25-CV-1988 (MKV)

**<u>ORDER</u>**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff, proceeding *pro se*, commenced this action by filing a complaint. [ECF No. 1]. Since then, Plaintiff filed the operative Amended Complaint, alleging state law claims against Defendant for defamation, invasion of privacy, harassment, and intentional infliction of emotional distress. [ECF No. 7 ("AC")].  The Amended Complaint alleges that Defendant, through postings on social media, publicly disclosed "private and personal communications without consent, as well as "false and misleading claims about Plaintiff and his wife", and otherwise encouraged "harassment, bullying, and public ridicule of Plaintiff."  AC ¶¶ 11.  The Amended Complaint alleges that Plaintiff is a resident of New York and that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 "as the parties reside in different states, and the damages sought exceed $1,000,000.00." AC ¶ 7.  On October 10, 2025, this Court issued an Order to Show Cause why this case should not be dismissed for lack of subject matter jurisdiction given Plaintiff failed to allege the state in which each party is a citizen.  [ECF No. 20].

On October 16, 2025, Plaintiff responded to this Court's Order to Show Cause.  [ECF No. 25].  Plaintiff responded that both Plaintiff and Defendant are citizens of New York and that his Amended Complaint "inadvertently cited 28 U.S.C. § 1332[.]"  *Id.* at  ¶¶ 1-3.  In turn, Plaintiff clarified that this Court has jurisdiction under 28 U.S.C. § 1331 because his claims arise under

federal law, specifically "violations of the Lanham Act (15 U.S.C. § 1125(a)) and 18 U.S.C. § 2261A (*interstate harassment and cyberstalking*)[.]" *Id.* at ¶ 4.

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall file a second amended complaint **on or before November 25, 2025**. Plaintiff is on notice that he must plausibly allege that subject matter jurisdiction exists. Further, Plaintiff is on notice that there is no private right of action available under 18 U.S.C. § 2261A. *See Cain v. Christine Valmy Int'l Sch. of Esthetics, Skin Care, & Makeup*, 216 F. Supp. 3d 328, 335 (S.D.N.Y. 2016) ("Case law is [] unanimous that no private right of action is available under § 2261A."). Plaintiff is also on notice that his complaint must "contain sufficient factual matter, accepted as true" to state a claim to relief under Federal law, whether under the Lanham Act, 15 U.S.C. § 1125(a), or otherwise, that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Failure to plausibly allege a federal claim may result in *sua sponte* dismissal of Plaintiff's second amended complaint.

**The parties are reminded that failure to comply with this Order or with any order of the Court or failure to comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties' discovery or other obligations thereunder may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

**SO ORDERED.**

**Date: October 23, 2025**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**